[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-10424
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPTEMBER 8, 2011
JOHN LEY
CLERK

D.C. Docket No. 1:09-cr-00337-ODE-ECS-1

UNITED STATES OF AMERICA,

Petitioner-Appellee,

versus

ZABARE ROYAL,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(September 8, 2011)

Before EDMONDSON, CARNES and KRAVITCH, Circuit Judges.

PER CURIAM:

Zabare Royal appeals his below-the-guidelines-range sentence of 149

months imprisonment, which he received after pleading guilty conspiracy to

commit three carjackings, aiding and abetting a carjacking, and aiding and abetting the use and carrying of a firearm during the commission of a violent crime. Royal contends that his sentence is procedurally and substantively unreasonable.

I

On June 29, 2009 Zabare Royal, Kevin King, and Corey Bolden carjacked a victim at gunpoint. About five hours later they committed another carjacking. Two days later they committed yet another carjacking, again at gunpoint.

A few days later King and Bolden were arrested. Two days after that Royal was arrested. Royal admitted to taking part in the carjackings. He also confessed to committing two other armed robberies. Royal was charged with conspiracy to commit three carjackings, aiding and abetting a carjacking, and aiding and abetting the use and carrying of a firearm during the commission of a violent crime. Royal pleaded guilty to all three counts.

Under the sentencing guidelines Royal had a base offense level of 20. He received a 5-level enhancement for brandishing a firearm, a 2-level enhancement because the offense involved a carjacking, and a 1-level enhancement because the loss was more than $10,000, for an adjusted offense level of 28. After applying the multiple count adjustment for the three separate carjackings, a 3-level

reduction for acceptance of responsibility, and 2-level reduction the district court gave Royal for his minor role in the carjackings, he had a total offense level of 26. His criminal history resulted in 8 criminal history points and a category score of IV. Accordingly, the recommended sentence range under the guidelines was 176 to 199 months imprisonment.

At the sentence hearing Royal asked for a below-the-guidelines-range sentence of 120-months imprisonment. He pointed out that he had a tragic childhood and argued that he deserved a lower sentence than his co-defendants Bolden and King, who received sentences of 144 months and 200 months, respectively. The government asked for a sentence between 144 and 158 months imprisonment, arguing that such a sentence would take into account the nature of Royal's crimes and his personal history. The district court then explained:

> In this case I think looking at the personal factors, I hear you saying that Mr. Royal stated that he was coerced. I'm not sure thats true. I think it's probably not true. I think he participated voluntarily. He's probably the smartest of the three people that were involved in this offense.

> He, on the other hand, has had a difficult childhood. He hasn't had the benefits of a stable home. I think the offense that he committed is very serious. An armed carjacking is a very serious offense. People could have been killed. I think the sentence has to reflect that this is a very serious matter.

> I think the sentence has to be adequate to deter Mr. Royal from

doing this kind of thing in the future. I'm inclined to think that he may not. I certainly hope that. I think he has a chance of coming out and starting a new life and doing a lot better.

As I said, I think Mr. Royal is just marginally more culpable than Mr. Bolden. It's kind of close. He's less culpable than Mr. King.

The district court sentenced Royal to total of 149 months imprisonment—5 months longer than Bolden, 51 months less than King, and 27 months below the bottom of the applicable guidelines range.

## II.

"We review the reasonableness of a sentence for abuse of discretion using a two-step process." United States v. Tome, 611 F.3d 1371, 1378 (11th Cir. 2010). We first determine "whether the district court committed any significant procedural error," and we then determine "whether the sentence is substantively reasonable under the totality of the circumstances." Id. "The party challenging the sentence bears the burden to show it is unreasonable in light of the record and the § 3553(a) factors." Id.

"A sentence may be procedurally unreasonable if the district court improperly calculates the Guidelines range, treats the Guidelines as mandatory rather than advisory, fails to consider the appropriate statutory factors, selects a sentence based on clearly erroneous facts, or fails to adequately explain the chosen

sentence." United States v. Gonzalez, 550 F.3d 1319, 1323 (11th Cir. 2008). Royal argues that the district court relied on clearly erroneous facts because it stated that Royal was smarter than Bolden and King, and that Royal was "marginally" more culpable than Bolden but less culpable than King. The district court made those statements after observing Royal and his co-conspirators. Royal has not pointed to any evidence proving that those statement were clearly erroneous.

When determining if a sentence is substantively unreasonable, "we must, as the Supreme Court has instructed us, consider the totality of the facts and circumstances." United States v. Irey, 612 F.3d 1160, 1189 (11th Cir. 2010). We will vacate a sentence for substantive unreasonableness only if "we are left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." Id. at 1190 (quotation marks omitted). The totality of the circumstances show that Royal's sentence was reasonable. His below-the-guidelines-range sentence takes into account the serious nature of the crimes, his role in the crimes, his criminal history, and his personal history.

**AFFIRMED.**